UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NASEEM MINHAS,

    Defendant.
_____/

Case No. 13-20895

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [38]**

Defendant Naseem Minhas is charged with conspiracy to commit health care fraud and conspiracy to pay or receive kickbacks. This matter comes before the Court on Defendant's motion to suppress evidence obtained under the authority of a search warrant. Defendant contends the warrant (1) omits crucial information and thus lacks probable cause and (2) is overly broad. Alternatively, Defendant requests an evidentiary hearing so as to prove that the purported omission of crucial information was intentional or reckless. For the reasons stated herein, Defendant's motion is DENIED.

**I.    Facts**

On December 3, 2013, Federal Bureau of Investigation Special Agent Lauren Williamson applied for and received a warrant to search Defendant's place of business, Tricounty Home Care Services, Inc. ("Tricounty").[1] (Dkt. 38-2.) The 30-page affidavit supporting the application details the investigation of a health care fraud and kickback

---

[1] Four additional search warrants for other home health care companies and a physician's medical practice were issued on the basis of the same affidavit, each seeking to seize evidence of health care fraud and payment or receipt of health care kickbacks.

scheme involving various home health care companies, including Defendant's. (*Id.*) The scheme involved defrauding Medicare by "submitting false claims for home healthcare services that were medically unnecessary and/or never rendered" and paying beneficiaries and recruiters "kickbacks for the use of their Medicare beneficiary numbers to submit these false claims." (*Id.* at ¶ 5.) The affidavit sets forth facts supporting the allegations, including witness testimony that Defendant paid kickbacks to a recruiter, interviews with Defendant's patients stating they were paid to use their beneficiary numbers to bill home health services that were never rendered, and analysis of financial records. (*Id.* at ¶¶ 60-125.)

The warrant, executed at Tricounty on December 4, 2013, sought to seize evidence of the scheme for the period from February 1, 2009 until the present. (*Id.* at 4-6.) It sought "all records related in any way" to Defendant's patients, including, for example, patient charts, files, records, and patient sign-in sheets. (*Id.*) It also sought "[a]ll documents constituting, concerning, or relating to bills, invoices and claims for payment or reimbursement for services billed to insurance companies for any patients," as well as all financial and tax-related books, records and documents. (*Id.*)

Defendant moves to suppress all evidence seized on the ground that the affidavit supporting the search warrant is overly broad and contains deliberate or reckless omissions critical to the finding of probable cause.

## II. Analysis

### A. Probable Cause and Evidentiary Hearing

Under *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), a defendant may challenge the validity of a search warrant by making a substantial preliminary showing "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included

2

by the affiant in the warrant affidavit, and ... the allegedly false statement is necessary to the finding of probable cause." Omissions of material information may similarly serve as the basis for a *Franks* challenge. *United States v. Neal*, 577 F. App'x 434, 449 (6th Cir. 2014). The Sixth Circuit has repeatedly held, however, that "there is a higher bar for obtaining a *Franks* hearing on the basis of an allegedly material omission as opposed to an allegedly false affirmative statement." *Id.* at 450 (internal citation omitted).

Defendant argues there are material omissions in two paragraphs—Paragraphs 76 and 77—of the 125-paragraph affidavit. Paragraph 76 describes the concept of cycling beneficiaries among home health agencies (rather than opening multiple episodes for one beneficiary at a single agency) so as to avoid Medicare scrutiny. (Dkt. 38-2, at ¶ 76.)

Paragraph 77 discusses the cycling of beneficiaries among the four home health care companies under investigation. The paragraph states:

> 77. Claims data from January 2009 to October 2012, shows five beneficiaries were cycled through all four home health agencies, 36 beneficiaries were cycled through a variety of combinations of three of the agencies, and 108 beneficiaries were cycled through a variety of combinations of two of the agencies.

(*Id.* at ¶ 77.) Defendant claims there are several material omissions in these paragraphs. For example, Defendant argues the affidavit omits that of Tricounty's total patient population of 629 patients, "only 78 [or 12%] ... were shared by one or more of the three other home health care agencies" being investigated. (Dkt. 38 at 19.) This, Defendant claims, is "well under the national median [of Medicare beneficiaries who received services from more than one home health care company] and hardly raises a red flag." (*Id.* at 20-21.) Defendant argues, "[h]ad the magistrate been aware of these figures, it would have ... left the impression that ... if fraud was occurring it represented only a small percentage of

3

Tricounty's patients." (*Id.* at 23.) Defendant further claims the Government's assertion regarding what constitutes a "red flag" is "fundamentally misleading" because it is "perfectly legal for a beneficiary to have more than one episode and ... to use a different home health care agency for a subsequent episode." (*Id.* at 20.) Defendant argues, to the extent the data in Paragraphs 76 and 77 "are seen as establishing probable cause, they must be stricken." (Dkt. 38 at 24.)

The Court finds Defendant has failed to make a substantial preliminary showing that Paragraphs 76 and 77 contain material omissions. The affidavit aims to establish probable cause through many sources of information—only one of which is the evidence of patient cycling cited in Paragraphs 76 and 77. That information supplements patient interviews, recordings of Defendant paying kickbacks for referrals, and other evidence of fraudulent behavior. In addition, while Defendant contends only 12% of his patient population was shared with the other three entities being investigated, the Government responds that this does not take into account the number of Tricounty patients cycled between "all other home health care companies." (Dkt. 46, at 12-13.) The Government argues that because Paragraph 77 includes data only on patient sharing between the four entities under investigation, the "national median" cycling analysis referenced by Defendant is irrelevant.

Moreover, even if the Court found omissions in these paragraphs, such omissions are not "so fundamentally misleading as to vitiate the showing of probable cause." (Dkt. 47, at 2.) That is, even if the Court disregards the paragraphs about shared beneficiaries (or if such purported omissions had been included in the affidavit), probable cause would still exist. Probable cause is "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir.

4

1990). Probable cause exists when there is "a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir. 1990) (internal citation omitted). Based on the recordings of meetings with Defendant, interviews of Defendant's patients, and statements from a recruiter admitting to have been paid kickbacks by Defendant, there were reasonable grounds to believe that there was a fair probability that evidence of a crime would be located on Tricounty's premises.

Defendant's alternative request for a *Franks* evidentiary hearing is also denied. Defendant has failed to make the necessary "substantial preliminary showing" of deliberate falsehoods or reckless disregard for the truth. *Franks*, 438 U.S. at 155-56. The affidavit's presumption of validity is not overcome and a *Franks* evidentiary hearing is not warranted. *See United States v. Stuart*, 507 F.3d 391, 396 (6th Cir. 2007).

**B. Overbreadth**

The Fourth Amendment requires "that a warrant describe with particularity the items to be seized so as to prevent the use of general warrants authorizing wide-ranging rummaging searches that violate the prohibition against unreasonable searches and seizures." *United States v. Hanna*, 661 F.3d 271, 286 (6th Cir. 2011) (internal citations and quotations omitted). However, the "the degree of specificity required is flexible and will vary depending on the crime involved and the types of items sought." *Id.* (citation omitted).

Defendant argues the search warrant effectively sought "all records" from Defendant's business, and the Government failed to establish probable cause justifying such a broad search. Defendant concedes that a warrant authorizing a broad seizure of corporate records may be appropriate where there is probable cause to believe alleged criminal

5

conduct is the "central purpose" of the enterprise to be searched. (Dkt. 38, at 16.) *See also United States v. Linares*, No. 13-20368, 2015 WL 3870959, at *6 (E.D. Mich. May 4, 2015), *adopted by*, No. 13-20368, 2015 WL 3874476 (E.D. Mich. June 23, 2015) (recognizing search warrants must authorize broad seizures of corporate records where the alleged criminal conduct "permeates an entire organization"). Defendant contends, however, that no such showing has been made here. While Defendant admits "the affidavit certainly provided evidence of *some* wrongdoing at defendant's business," he claims the affidavit failed to show "permeating, structural, pervasive fraud." (Dkt. 47, at 3.)

The Government argues the evidence in the affidavit shows that Defendant's entire business "was permeated by kickbacks and services that were not provided to patients." (Dkt. 46, at 13.) The affidavit includes evidence not only that Tricounty "billed for four patients who never received home health care services, but also cite[s] a recording of [Defendant] paying kickbacks to a physician and statements from a recruiter who admitted to being paid kickbacks by [Defendant] for referrals." (*Id.*) The Government argues there was probable cause to seize all patient files, and the warrant was thus not overly broad. The Court agrees with the Government.

The Government is not required to have evidence relating to each and every patient in order to justify the seizure of all patient files. *See United States v. Hurwitz*, 459 F.3d 463 (4th Cir. 2006). The Sixth Circuit has made clear that "[t]he prohibition of general searches is not to be confused with a demand for precise ex ante knowledge of the ... content of evidence." *United States v. Richards*, 659 F.3d 527, 541 (6th Cir. 2011) (internal citation omitted). The examples of referral fees and billing for services not rendered may fairly be considered to be representative of more pervasive violations. *See United States v. Hayes*,

6

794 F.2d 1348, 1356 (9th Cir. 1986). The affidavit provided the magistrate with sufficient probable cause that Defendant was engaging in a wide-scale practice of Medicare fraud, and the search warrant authorized was not overly broad.

Finally, even if the search warrant was found defective, the *Leon* good-faith exception would apply. *See United States v. Leon*, 468 U.S. 897 (1984). Contrary to Defendant's argument, there has been no showing that the issuing magistrate here was "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth." (Dkt. 47, at 7.) As discussed above, the Court finds that the search warrant affidavit at issue provided sufficient factual information for a finding of probable cause, and Defendant provides no other argument why the *Leon* good-faith exception to the exclusion rule should not apply, if necessary.

### III.  CONCLUSION

For the above-stated reasons, Defendant's motion to suppress evidence or in the alternative conduct a *Franks* hearing is DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  February 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 3, 2016, by electronic and/or ordinary mail.

        S/Carol J. Bethel
        Case Manager